Morning, your honors. May it please the court. My name is Joshua Lipschutz. I'm here today representing the Liberty Mutual appellants. I'd like to reserve three minutes of my time for rebuttal. Under the plain language of section 1453 C1, enacted by CAFA, this court has jurisdiction over this case. That section says, quote, notwithstanding section 1447 D, a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action. Okay, but it's not a CAFA class action, right? That's correct. So point me to the language where Congress repealed the statute that says ordinarily we don't review removal orders. It's right there, your honor. It says, notwithstanding section 1447 D. You read that as a complete repeal of the statute? Is that how you want me to read that? No, your honor. It's not a complete repeal. It's a repeal with respect to motions to, with orders, with respect, orders remanding class actions. And class action has a very specific definition. So you want us to basically ignore the statute that says we don't review removal orders of other class actions? I'm not familiar with that statute, your honor. There's a statute that says 1447 D2 says the court of appeals does not usually, is not empowered to review remand orders. This is an exception to that. So, but you want the exception to swallow the statute. You want us, if we rule in your favor, what would prevent somebody from coming in in any class action and saying, well, notwithstanding that language, the rule has been changed by the CAFA statute? Well, it would certainly not swallow the rule because the rule applies to all cases. Not all cases are class actions. So you do know, but all class actions, whether they're CAFA or not, right? Yes, your honor. What you want us to rule? Well, yes, your honor. The plain language of the text says that with respect, now it's not a mandatory appeal. It's a discretionary appeal. So this court would have discretion to determine whether the case, whether this particular remand order is the type of remand order that should be appealed under CAFA and the court in standard fire, the Supreme Court in standard fire versus Knowles and the Supreme Court in DART Cherokee versus Owens has explained the type of cases in which, in which this court should review remand orders. And it said that the court should review cases that are interstate class actions of national importance. This is an interstate class action of national importance on several levels. The, the series of controversies here was launched in Washington State Court in a series. Well, when they say interstate, they're not talking federal question, are they? They very well may be. They're not. They don't. Well, they may be, but they weren't. I mean, can you find me anywhere else where interstate is somehow pegged to federal question as opposed to diversity related? Well, they, they did not say interstate cases removed under diversity jurisdiction. CAFA itself, 1453C, does not say remand, orders remanding a class action that has been removed under diversity jurisdiction. In fact, it doesn't refer. Which, which section did you just refer to? 1453C1, the, the very statute that's at issue. Yes. I just wanted to make sure I heard you right. Right. Absolutely. So that statute does not say that the court is limited to reviewing orders remanding class actions that have been removed pursuant to diversity jurisdiction. In fact, it doesn't even reference the diversity jurisdiction provisions that were enacted by CAFA. CAFA enacted diversity, expanded diversity jurisdiction in 1332D2. 1453C1 does not reference 1332D2. It references specifically the meaning given to class actions in 1332D1, which is a different sub-provision. Well, what it, there's also one other important part of that subsection. It says, it's talking about a case under this section, and so we have to figure out what this section applies to, don't we? Yes, Your Honor. It does talk about cases that have been removed under this section. Okay. This section is... Then we, then we go back, and I understand your argument is because they reference the class action definition, which is found in the diversity section, but that they don't cabinet to diversity that it means any class action. Well, it means exactly what it says in the very And class action is defined as civil actions that are filed under Rule 23 of the federal rules or under a similar state statute. And I would also... All class actions, right? Isn't that what Rule 23 is? Yes, Your Honor. It is all class actions. So this Court would have the discretionary, as the plain language of CAFA 1453C1 says, this Court does have discretionary review, discretionary review, to decide whether to review remand orders of class actions. That is perfectly consistent with the purposes of CAFA. How do I square your position with 1447D? An order remanding a case to the state court from which it was removed is not reviewable on appeal or otherwise. Well, 1453C1 says in express terms, notwithstanding section 1447D, I don't know how else Congress could have carved out an exception. Congress could say the provision in section 1447D is hereby removed. Do you want us to read in 1453C1? No, Your Honor, because 1447D is a bar on removing... Congress could do it? That would be a very different thing for Congress to have done. That would have been a complete... Very simple, straightforward, easy to understand legislative rationale for changing the law. It would have, but it would have changed the law in a very different way from what the Congress actually did. Congress said that the courts of appeal have discretion to not every case is a class action. There are individual actions. In any individual action remanded to state court, this court continues to have no discretion, no ability to review that remand order under 1447D. 1447D has force. Counsel, could you look at D1 for me and then D2? Because D2, I'll advance you, it has this very broad language referring to all of Rule 23, but then D2, which is not a standalone, it's a subpart of the subsection D1, refers definitely, we're talking about CAFA here. You're referring to Section 1332D1 and D2? 1330, yes. Yes. What is your position about the extent to which D2 informs the correct interpretation of D1? 1332D2 does not inform the definition under 1332D1. It is a separate provision that is not referenced by 1453C1. So to Judge Tolman's point, Congress could have very easily said this court has discretion to review orders remanded in class actions removed under 1332D2, but it did not do that. It stopped at the words class action and it referred the court to 1332D1 only. So the definition of D2 is not a standalone provision, but it is a subpart of the subsection D1. It is relevant in the following sense, in the sense that I mentioned earlier, which is in deciding which cases to grant. Remember, there are separate questions here. There's a jurisdictional question. Do you have the ability to grant this petition? And with respect to that question, I don't think this case needs to be a CAFA case, so to speak. If you mean, if by that you mean diversity jurisdiction case, because that does not appear in 1453C1. Then there's the question of whether the court should grant review, whether it's the right case for this court to grant review. And on that question, of course, the issue is whether it, and these are the factors set forth in the Coleman decision from this Court, whether it raises the types of issues that CAFA was concerned with. And so if this were a diversity jurisdiction case removed under 1332D2, that could grant the petition. The statute doesn't tell us, doesn't make any distinction like that, according to you. Well, I'm referring now, that's right, it doesn't, which is why this Court unquestionably has jurisdiction over this petition if it chooses to exercise it. So is your position then that if it extends, if our jurisdiction or authority to review remand orders now extends to all Rule 23 class actions, do we have to comply with the time provisions and decide within 60 days of granting permission to appeal? Yes, Your Honor. That would be built into 1453. And how many class actions the Ninth Circuit sees in a year, counsel? It's a lot. But that's not the, that's not the... Do you know what it would do to our calendar if we had to decide each of these cases within 60 days of granting permission to review? Well, first of all, it's completely... It's faster. I don't agree with that. And actually, the CAFRA Senate report... I wouldn't disagree with it if you don't know how many cases we're talking about. Because the only cases that are at issue here are the cases that have been remanded, that have been filed in State court, removed to Federal court, not under diversity jurisdiction. So we're talking only Federal question jurisdiction cases. They've been removed to Federal court. And despite having Federal question jurisdiction, the district court erroneously remands it to the State court, which is what happened here. There are not that many cases, I submit, that fall under that fact pattern. And even then, this court has the discretion to decide whether to grant the petition. And in fact, the Senate report that accompanied the CAFRA legislation said specifically that it would be a mistake to think that 1453 will crush the calendars of Federal courts, because it is discretionary. And is there anything in that legislation... Counsel, you might not want to back up and take another run at that. Because every one of those that comes to us is very disruptive, and it's a big deal. Absolutely. And I don't mean to make light of that. Go back to your legislative history. Can you point me to anything in the legislative history that says that Congress in adding a whole new section here on removal, and adding a whole new section to 1332 at the same time, was contemplating Federal question in any manner? Yes, Your Honor, I can. There are a number of things. CAFRA, first of all, CAFRA does far more than just expand diversity jurisdiction. CAFRA, there's an entire... There are other parts of CAFRA as well. For example, CAFRA enacts a series of rules requiring court approval for certain types of class action settlements. That's sections 1712 and 1713. It created rules for calculating attorney's fees. That's section 1712. It created rules requiring the provision of notice of class action settlements to government officials. Are you going to get to the legislative history, which is what Judge McEwen asked you about? Yes, Your Honor, I will. And these are the... But before I even get to the legislative history, I'm talking about the text of the statute itself. 1712 to 1715 are all provisions that apply not only to diversity class actions, but also to Federal question jurisdiction, Federal question class action. We know this because section 1711 defines class action in exactly the same way that section 1332 defines class action. It means all class actions. Congress uses the same definition in both provisions. Now, with respect to the legislative history, the Senate report is loaded with state court abuses of the class action device in cases raising both state law claims and Federal law claims. I'll give you a few examples. Page 24 of the Senate report discusses a case in an Alabama county court on behalf of more than 20 million people alleging that the design of Federally mandated airbags is faulty. And the Senate report says, why should an Alabama state court tell 20 million people in all 50 states what kind of airbags they can have in their car? Federal preemption issue in that case because these were Federally mandated airbags. And it says this is the type of issue that we are concerned about being adjudicated in state court. So Congress was absolutely concerned with the primary purpose of CAFA, as the Supreme Court has said in the Dart case and in the Knowles case, was to prevent abuses of the class action device in state court. It would be completely illogical for Congress only to have been concerned with abuses that arise out of diversity cases where no Federal law is at issue and not be concerned with abuses arising out of Federal question cases, which by definition have a nexus to Federal law. So there's every reason to believe that Congress was concerned with all types of abuses in state court with respect to the class action device. And this case is really the perfect example of why Congress was concerned. Here you have a class action that was, a series of class actions brought in Washington, another series of overlapping class actions brought in Illinois. The Illinois cases affected 39 different states, medical providers in 39 different states. That case reached a settlement. Then there were additional class actions launched in Washington state court again to collaterally attack the Illinois multi-state settlement. There's a Federal due process claim in this case. So these are exactly the types of issues that are discussed in the Senate report itself. The Senate report on page 23 talks about another common abuse being the filing of copycat class actions, i.e. duplicative class actions asserting similar claims on behalf of essentially the same people in different courts around the country. That's this case. So the Senate report is chock full of these examples that apply not only to state law diversity claims cases, but also to Federal law cases. Let me ask you on the attorney's fees question. If we disagreed with you on jurisdiction, we would, and said that we don't have jurisdiction or would decline jurisdiction. But if we disagree with you, we still have the attorney fee question on the remand, correct? That's correct. And so on that, wouldn't we have to evaluate it appropriately? We would have to at least get into the district courts or get into the merits of the timeliness issue, correct? That's correct, Your Honor. And that's the Durham case from this court. Even if this court does not accept my jurisdictional argument on the 1453 petition, it still needs to decide whether the fee award was proper. That's Durham. That's exactly what Durham said. And on that issue, I think there's really no question that the district court's remand order on timeliness grounds was erroneous. There are scores of decisions from this court, including Harris and Cuxhausen and many others that are in the briefs and elsewhere that show that the district court's decision here was faulty for a number of reasons. The only document that established federal question jurisdiction in this case was the reply brief that was filed in support of the motion for deck relief, and we removed two days later. And if we were to determine the timeliness issue in effect in your favor, it would still leave the question of whether federal question jurisdiction was appropriate, correct, for the district court? It would, except that the district court actually ruled on that. It found that federal question was appropriate. That's page six of its order. In the order remanding the case, it says federal question jurisdiction. There is federal question jurisdiction here. The problem is that it, according to the district judge, he thought it arose much earlier when we received some kind of subjective knowledge, you know, earlier in the case before anything had been filed. But the issue of whether there is federal question jurisdiction case has already been decided by the district judge. And even if it hadn't, I think this court, in the interest of efficiency, rather than ping-ponging back and forth between the courts, I think in the interest of efficiency, this court should simply just hold that there is, based on the papers. And there's enough in the record. Has this thing happened in front of Judge Schaefer? There have been certain things that have happened. The trial that was originally scheduled for January, which prompted some of the motions to expedite in this case, has been postponed because of a grant of intermediate appellate review on another issue in the state courts. So there's some activity there. Washington Court of Appeals. It is, but the briefing hasn't even begun on that. There's still a long lag time on that. Thank you. Thank you. Good morning. I'm Dave Breskin. I represent Chan Health Care, the respondent. And apropos of Judge Tolman's comment, I'd like to reserve five minutes for the next class action that's going to be in front of you, because you're going to see a lot of them if the defendant is correct. But he's not correct. We'll hear that this afternoon. Defendant's not correct. I mean, the plain language of the statute says that it must be a class action under this section. And this section refers to CAFA. So the federal court is a court of limited jurisdiction. Your jurisdiction is defined by Congress. Congress has made clear that it has taken CAFA cases out of the general prohibition against review of remand orders. And seven circuits have looked at this. And all of them have concluded in either direct or indirect manner that there is no review outside of CAFA cases. And I think apropos of Judge McCoon's question about the legislative history, the Eighth Circuit in the Saab case discusses that directly. And it says that CAFA vested original jurisdiction in the federal district courts of a class action meets several criteria. The class action here did not meet those criteria. It was not a class action that involved more than $5 million at issue or they would have removed under CAFA. They did not. It goes on to say that the legislative history is that in order to develop a body of appellate law interpreting the legislation, meaning CAFA, without unduly delaying the litigation of class actions, they were permitting review of CAFA cases because they wanted to develop CAFA law authority. One of the things that you began with, as you said, it clearly states, I think I heard you correctly, that 1453 clearly states it applies only to CAFA. Did you say that? Yeah, I think it does because- Well, where does it say that? It says in section C1 in general, it says section 1447, 28 USC section 1447, shall apply to any rule of a case under this section. And there's no, I would submit there's no way of interpreting under this section except to refer to the section that is CAFA. I mean, that makes no sense otherwise. And the suggestion that Congress intended by creating a limited removal for very specific class actions to broaden the review of any remand order having to do with any class action just seems totally contrary to what Congress was about. It said, in order to have CAFA jurisdiction, you have to have specific type of class action, including something that might fall here, which is a local controversy. This is a Washington state class involving a Washington statute and a Washington claim. There is no indication whatsoever that Congress intended that class actions generally involving a single state citizens, involving a single claim that was brought under the statute was something that they had in mind in CAFA, you have to have $5 million at issue to begin with. A lot of the time was spent on that, and I would like, if it's okay, to move on to something which is the attorney fee issue. Because I believe, really, the other question is very clear from the other circuit court decisions that have addressed it, and the statute itself, and the practical implications, as Judge Tallman's question pointed out. But the attorney fee issue, I believe, is also very clear. I mean, defense counsel misspoke. He said that the only time defendant learned of a, quote, federal question being at issue was in the reply. That's not true, and I think it's very important, and I think the clerk may have handed you their response in the Illinois court. And I would just like to point out some things about this response. The defendants in this statement to the Illinois Port of Appeals, if you turn over to page four, and I apologize, I know you've read all of this, but it seems very clear, this is what, I mean, the issue before you is not de novo review on the attorney fee award. It is whether Judge Martinez abused his discretion based on the record before him. And this is the part of the record before him. You see over on page four, the defendant's saying, the declaratory judgment actions Dr. Kerb's counsel has filed in Seattle, Chan versus Safeco, and Chan versus Liberty Mutual, seek to litigate before Judge Schaefer many of the same issues that Dr. Kerb's opening brief presents in this court. So right there, there is acknowledgement. It's telling the Illinois court, look, you've gotta look at these motions for in the Washington State Court, and then they say, see my declaration and exhibit seven to it. Exhibit seven is the motion for judgment on the due process issue. In other words, the issue for the motion for judgment we were asking Judge Schaefer to make was that the Illinois nationwide class action could not be applied to Washington citizens, Washington providers that had a Washington CPA claim consistent with due process. And we cited as our authority your decision in Hesse versus Sprint. And Hesse versus Sprint was a case in which the Ninth Circuit held that a Kansas nationwide state class action could not be used to- Here's the bottom line, Mr. Preskin. What is the notice in this case? Okay. We got cases all over the country. And if you have to hang off a Christmas tree reading the tea leaves as to what people are saying, that is chaos. What is the notice in this case? Well, the notice in this case, if you permit me to continue, is clearly the motion for judgment in the Safeco case, because that's exactly what they're telling the Illinois court is giving rise- The motion for judgment in the Safeco case, as I recall, and there are a lot of cases we're keeping track of, Liberty Mutual is not a party in that case. Is that correct? Liberty Mutual- Okay. I know it's the council is the same, but is the party the same? Liberty Mutual owns Safeco. They are in privity with Safeco. So had Judge Schaefer ruled on October 12th, the date set for the motion for judgment before, it would have been collateral estoppel against Liberty Mutual. But going back to my question, I think the answer is that Liberty Mutual is not a named party in the Safeco case. That's correct. There was a separate lawsuit filed against them, but if you recall, one of the things that Judge Martinez found was the exchange between counsel that represented Liberty Mutual and Safeco and us, who represented the plaintiff in both cases, in which, again, the defendant was acknowledging the exact same due process argument. That was the only rationale used to transfer the Liberty Mutual case to Judge Schaefer, who already had the Safeco case, and the only rationale to move the hearing date of October 12th back to October 30th, so both motions could be heard together. Let me tell you, I think there could be a communication. Let's just assume that a communication qualified as another paper, just for starters, and there could be a communication in which one counsel says to the other, we're raising a due process claim or whatever. But this communication, as you read it, basically has to do with procedural consolidation for argument or some other procedural purposes, right? The counsel communication. Well, yes, but the substance of the communication is the rationale for doing so. But see, the difficulty is, it may be a rationale, but it doesn't say that we have a due process claim, that there is a due process claim extent in the Liberty Mutual case, does it? Oh, there is no other way to read the communication in context, Your Honor, because, again, you will see in that email, they dropped the due process argument in the Safeco case. They said, we will stipulate, we won't raise the Lebanon-Illinois settlement in Safeco. So it was only in Liberty Mutual at that point, when you read that email, right? The only motion for judgment now was in the Liberty Mutual case, and the grounds for the motion for judgment was the due process argument. And if I might be permitted to continue with what they said, Your Honor, because this is unlike other cases they cited. This is a case in which the defendant themselves is telling another tribunal, look at the motion for judgment, and you will see this. And they go on to say, that issue and others, including the sufficiency of the procedures the Illinois court used to assess the adequacy of notice and representation under the Illinois and federal constitutions. Right there, they're acknowledging that they're telling this Illinois court, look at this motion, they're raising a federal constitutional question there, and we want you, Illinois court, to decide it. It goes on and says, and Dr. Kerb's motion, the motion to continue before the Illinois court, is a transparent effort to induce this court to abdicate its duty to decide these important issues of, again, Illinois and federal law. They're telling the Illinois court, look at the plaintiff's motion for judgment, because they're raising the exact same due process, federal constitutional and Illinois court, to decide. And they go on and they say, after pointing to this motion for judgment, saying what they understood it to be a federal question being raised, they then go and say the court should promptly deny the motion and retain the November 10 oral argument. In other words, what they argue in this is that the Illinois court should not continue the hearing so that Judge Schaefer would be allowed to make the decision on the federal question. The federal question, they say, is a question of important issue of federal law and a federal constitutional question. Now, they get that from pointing again to the motion for judgment, Exhibit 7 to my declaration. So when Judge Martinez is looking at this, he has a defendant who's saying in black and white- Your declaration, Paragraph 7, Exhibit A, is in which litigation? Okay, so this was the motion to continue in Illinois, yes. Lebanon. Lebanon, yes. Lebanon case, yeah, okay. And, okay, so what is critical also is, not only does he have a statement by the defendant. He didn't have to guess on what was in their mind, right? He has a statement in black and white, and then he has a defendant who acted on that knowledge. That's unlike any case that's been cited to you. The defendant actually acts on the knowledge that they believe there's a federal question, because it then uses that to justify their position asking the Illinois court to deny the plaintiff an extension. And that's not the only time they acted on that knowledge, and it gets back to these emails. The only way they could get Liberty Mutual transferred to Judge Schaefer was to point out the same motion for judgment on the due process issue was going to be presented to Judge Schaefer on October 12th, and it made sense then to transfer from Judge Chung, the judge assigned, to Judge Schaefer, the Liberty Mutual case. Similarly, it only made sense to kick it back to October 30, because now the issue was only Liberty Mutual. It was not Safeco, because they abandoned the affirmative defense and Safeco. That's what the email is saying. So when Judge Martinez is sitting there, and he's looking at this record of a defendant who not only sees, he believes, a federal question, and acts on it, and gets a benefit from a court for that fact, that's a different can of worms than the situation where the CAFA cases that have been cited to you, and I would submit CAFA is a very different animal in terms of applying a bright line rule than federal diversity or federal question jurisdiction. CAFA, if you look at these cases, are all about the defendant having to do this calculation to determine whether there's more than $5 million. And the case most recently cited to you, the Gibson case from the Sixth Circuit, is illustrative. There, the plaintiff said, well, we want more than $5 million to settle. But the calculations that they provided, the number of class members, the amount per class member in damages, didn't add up to $5 million. That was the problem. The defendant, always in a CAFA case, has to make some sort of calculation. You don't have to do that in federal question. And I would point out, and I would be remiss in not doing so, this is a hypothetical exercise. There was never federal question jurisdiction to begin with. And contrary to counsel's statement, Judge Martinez did not find federal question jurisdiction. He said, I don't have to go there because if they're telling me that's the basis of removal, I can see that from what I just read to the court and from the plaintiff's motion for judgment and from these email exchanges, that they clearly believed before, more than 30 days before removal, that there was a federal question being raised. They clearly believed that. He didn't find there was because, I mean, my goodness, for decades the rule of law has been that a federal question isn't raised unless it's raised in the complaint itself. And we didn't raise a federal question in the complaint. The defendant can't- But you're pointing us to Caterpillar, to the Weld- Yes. But you're now going into the merits of whether there's federal question jurisdiction. Well, only to make clear on the record that nowhere do we concede there was federal question jurisdiction to begin with. And he could have, Judge Martinez could have easily had gone and say, hey, even if it had been timely, the rule of law is very clear here. He didn't have to, because what was going on here smacks at exactly what the Supreme Court said in Martin was the rationale for why fees should be awarded. There they said that Congress thought fees shifting appropriate in some cases. The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties and wastes judicial resources. And that's exactly what happened here. Thank you. I think we had an argument well on time. I'm sorry, I'm over, yes, I apologize. What does that rep like mean even? What a surprise. All right. Thank you. Well, I know we took up a lot of your time and questions, Mr. Lipschutz, and you probably have a few things to respond to, I think it would be helpful, particularly on the attorney's fees issue. So if you would put three minutes back on the clock, so he has some time to respond. Thank you very much, Your Honor. I'll make just a few points. First of all, the opposition brief from the Illinois case that my opponent spent all this time walking you through, if you look at the date of that document, it was filed on October 1st. The motion for declaratory judgment in this case, the Liberty Mutual case, was filed on October 2nd. What if we think the district court was wrong on timeliness? Then under Durham, you have to reverse the fee award without even reaching the question of whether there actually was federal question jurisdiction. That is exactly the Durham situation. Durham said the fee award was rendered on timeliness. Because the district judge was wrong on the timeliness question, the fee award is reversed. And at that point, you could either send the case back to Judge Martinez for further proceedings on the removal. Or you could, based on the record, decide yourself that there was federal question jurisdiction. And I want to make another point very clear. The question here is not just whether there was a federal question in the case. The question is whether there was a federal question that survives the well-pleaded complaint rule. And that is a very different question. And the first time that that became clear in this case was not until the reply brief. And there's a very good reason for that. Until then, and you can look at the stipulation between the parties, sorry, not the stipulation, the September 17th email communication that was being discussed. If you look at that document, it says very clearly in Mr. Breskin's own words, the party stipulated to a transfer of the Liberty Mutual case to Judge Schaefer, and addressing defendant's affirmative defense based on the Lebanon settlement at the consolidated hearing. So at that point in time, it was anticipated that the Liberty Mutual would raise the Lebanon settlement as an anticipated defense. And Mr. Breskin would then raise due process as an argument against that affirmative defense. That type of federal question does not survive the well-pleaded complaint rule. If we had removed at that time, based on this communication, we would have been sanctioned unquestionably. And so that is not what's at issue here. The issue is, when did the federal question become a sword, an affirmative claim that was used against us without respect to whether we were going to assert an affirmative defense? That didn't happen until the reply briefing. How do we know that? We know that because in our opposition brief to the motion for deck relief, we argued that we had not yet decided whether to raise the Lebanon settlement as a defense. We had a number of reasons for that. We had a motion to dismiss pending that if granted, never would have required us to raise the Lebanon settlement. We said your argument about the validity of the Lebanon settlement is not ripe yet. And he said in his reply brief, our opponent said in their reply brief, that it doesn't matter. The court should go ahead and decide the due process validity of the Illinois settlement anyway, irrespective of whether we raise it as an affirmative defense. And he made a number of statements in the reply brief. He said here, Chan seeks a judgment that the Lebanon release cannot be enforced. This issue is governed by due process law, not Illinois law. This is all in his reply brief. He says Liberty Mutual's procedural arguments, i.e. rightness, are quote, baseless. And he argues that Hess v. Sprint, this case's federal due process case, makes clear that this court should do a review. That is when we first had noticed in this case that he would be making an affirmative argument that the Lebanon settlement violated his federal due process rights. And that is squarely on all fours with the EAC case in this court, where this court said that a reply brief can, for the first time, raise a federal claim. It does not have to be in the complaint. A reply brief is sufficient. That's the EAC case, and it's squarely on point here. And if I could just make one final point back on the jurisdictional argument, I can't resist. Mr. Breskin said in the opening sentences of his remarks, he said that 1453 says the case has to be a quote, class action under this section. That is not what the statute says. The statute says that quote, section 1447, which does a lot more than just prevent review of remands, remand orders. Section 1447 as a whole shall apply to any removal of a case under this section. This case was removed under this section because 1453 tells you exactly how to remove a case under this section. It says you follow section 1446. And that's what we did, and we cited section 1446 in our notice of removal. It then goes on as a completely separate clause to say notwithstanding section 1447D, a court of appeals may accept an appeal from an order remanding a class action, period, full stop. There's no class action under this section. There's no class action under CAFA. There's no class action under 1332. But counsel, wouldn't you agree that under this section in the first clause of C1 has to mean CAFA? No, Your Honor. Under this section means what it says. It means under section 1453. This is a removal statute. It tells you how to remove a case. It's entitled removal of class actions, and it's saying that section 1447 shall apply to any removal of a case under this section. It's very plain. But the definitions of class, class action, class certification order, and class member are all given the meanings under the CAFA statute. Yeah, but none of those words are used in the phrase that has the language this section. It just refers to this section. You have to read them as a whole, and then you go on to subsection B, and two out of three of those only apply to diversity cases to begin with. Only the part about not needing the concurrence of all the defendants could possibly apply to a federal question as well. So it's all targeted to diversity. I agree that many of the provisions here are targeted at some of the diversity requirements. I mean, the whole read as a whole. Well, but keep in mind that the court, the Congress did not have any need to expand jurisdiction over federal question jurisdiction. There already is jurisdiction over federal question jurisdiction. The question here is whether the appellate court should be reviewing erroneous remand orders and sending class actions like this one back to a State court where there's been all this abuse. Thank you, Your Honors. Thank you. Thank you both for your arguments. It's been interesting, and yet another interesting statutory question. And thank you for the briefing and the many references. We will read them and have read them all. We are now adjourned for the morning, and the case just argued of Chan v. Liberty Mutual is submitted. All right.
judges: McKeown, Tallman, Christen